**STATE of Iowa, Appellee,**

v.

**Jerry Eugene BELT, Appellant.**

No. 92–939.

Supreme Court of Iowa.

Aug. 25, 1993.

Drew H. Kouris, Council Bluffs, for appellant.

Bonnie J. Campbell, Atty. Gen., Thomas G. Fisher, Jr., Asst. Atty. Gen., and Connie Anstey, Co. Atty., for appellee.

Considered by HARRIS, P.J., and LARSON, CARTER, NEUMAN, and SNELL, JJ.

NEUMAN, Justice.

Citing violation of double jeopardy principles, the district court granted defendant

Jerry Belt a new trial on one count of a three-count indictment. Belt now appeals his conviction on the other two counts and the State cross-appeals from the order granting new trial. We affirm on both appeals.

I. *Background Facts and Proceedings.* After closing hours on November 29, 1991, someone burglarized the Emerson Food Mart in Emerson, Iowa. Stolen items included packages of meat, ham, turkey and beer. That same night a K Mart in Red Oak, Iowa, was burglarized, resulting in the theft of eleven watches and a watch display case.

In November 1991 defendant Jerry Belt was living with Sabrina King in Emerson. King testified that she returned home from a Thanksgiving trip early on the morning of November 30 to find Belt leaning against his car, holding a turkey and packages of meat. Belt, who was reportedly drunk, told her that he had broken into the Food Mart and K Mart. During a subsequent search of King's residence, police discovered all the stolen goods.

The State charged Belt with second-degree theft for exercising control over the K Mart watches and display case (count I); second-degree theft for stealing meat and other products from the Food Mart (count II); and second-degree burglary for breaking into the Food Mart (count III). At trial the State amended the trial information to charge only third-degree theft under count II.

On count I, the jury returned a guilty verdict on the lesser included offense of third-degree theft. It also convicted the defendant as charged on counts II and III. These verdicts were set aside, however, and a new trial granted by the district court based on an erroneous admission of hearsay evidence.

This appeal concerns Belt's second trial. Although the jury had previously acquitted him of second-degree theft under count I, on retrial the court nevertheless instructed the jury that Belt was charged with one count of second-degree theft, one count of third-degree theft and second-degree burglary. Belt's counsel made no objection to the proposed instructions. After the jury returned

verdicts for guilty as charged on all three counts, Belt's counsel moved for new trial on double jeopardy grounds. The court sustained the motion as to count I, but denied the motion as to counts II and III. This appeal followed.

■ II. *Scope of Review.* Ordinarily the grant or denial of a new trial is committed to the sound discretion of the trial court, reviewable on appeal only for abuse of that discretion. *State v. Holland,* 485 N.W.2d 652, 655 (Iowa 1992). When, however, the sole determining factor in the court's decision involves a question of law, the grant of a new trial stands or falls on the correctness of the legal ruling. *State v. Lindsey,* 302 N.W.2d 98, 101 (Iowa 1981). Our review is on error. *Id.* at 102.

■ III. *Retrial as to Count I.* The district court made no mistake when it recognized the merit in Belt's claim of former jeopardy regarding count I. By rendering a guilty verdict on the lesser included offense of third-degree theft in Belt's first trial, the jury impliedly acquitted him of the greater offense. *Price v. Georgia,* 398 U.S. 323, 329, 90 S.Ct. 1757, 1761, 26 L.Ed.2d 300, 305 (1970). It was reversible error to resubmit the greater offense at the second trial because the Constitution not only protects against conviction of the greater charge on retrial, it protects against the jeopardy of facing the greater charge after an acquittal, express or implied. *Id.,* 398 U.S. at 329, 90 S.Ct. at 1761, 26 L.Ed.2d at 305.

■ The fighting question in this appeal is how to remedy the error. The district court concluded it had no authority to arrest judgment on the jury's verdict and enter judgment on the lesser included offense. The State challenges this conclusion on two grounds. First, it contends that Belt waived the double jeopardy defense by failing to raise it before trial. Second, it asserts that under *Morris v. Mathews,* 475 U.S. 237, 246–47, 106 S.Ct. 1032, 1038, 89 L.Ed.2d 187, 197 (1986), entry of judgment on a lesser offense—not retrial—is the proper remedy.

■ At the outset we reject the State's waiver argument. Defense counsel's failure to either raise the double jeopardy question

pretrial, or object to the submission of the jeopardy-barred charge to the jury, convincingly supports defendant's claim that his trial counsel was ineffective. *See State v. Schoelerman,* 315 N.W.2d 67, 71–72 (Iowa 1982). Belt clearly suffered prejudice as a result, entitling him to relief. *Id.* at 75.

On the merits of the State's challenge to the relief granted, we are not convinced that *Morris v. Mathews* controls our decision. *Morris* involved a defendant who appealed a conviction of aggravated murder, claiming his prosecution for the crime following a separate conviction for the underlying crime of aggravated robbery violated double jeopardy principles. 475 U.S. at 242, 106 S.Ct. at 1036, 89 L.Ed.2d at 194. The Ohio Court of Appeals agreed with Morris but entered judgment against him on the lesser included offense of murder. *Id.,* 475 U.S. at 242, 106 S.Ct. at 1036, 89 L.Ed.2d at 194. It did so on the strength of an Ohio rule of criminal procedure which permits the reviewing court to forego the option of granting a new trial in favor of reducing a jeopardy-barred conviction to a non-jeopardy-barred conviction for a lesser included offense. *Id.* at 242 n. 5, 106 S.Ct. at 1036 n. 5, 89 L.Ed.2d at 194 n. 5. On Morris' further appeal to the United States Supreme Court, the Court found no constitutional infirmity to the Ohio practice because Morris failed "to demonstrate a reasonable probability that he would not have been convicted of the non-jeopardy-barred offense absent the presence of the jeopardy-barred offense." *Id.* at 247, 106 S.Ct. at 1038, 89 L.Ed.2d at 197.

The State contends that Belt cannot meet the standard for reversal established by *Morris.* But its argument fails to account for statutory differences that distinguish *Morris* from the case before us. Unlike the statutory scheme at issue in *Morris,* our rules of criminal procedure do not authorize the remedy urged by the State.

Iowa Rule of Criminal Procedure 21(3) permits *the jury* to find the defendant guilty of offenses necessarily included in the offense charged. (Emphasis added.) A further subsection of the rule provides:

> If the jury renders a verdict ... in which it appears to the court that the jury was mistaken as to the law, the court may direct the jury to reconsider it.... If the jury persists in finding an informal verdict, from which, however, it can be understood *that the intention is to find for the defendant upon the issue,* it shall be entered in the terms in which it is found, and *the court must give judgment of acquittal.*

Iowa R.Crim.P. 21(6) (emphasis added). Nowhere in the rule is the court authorized to modify the verdict and enter a different judgment in the State's favor. The State cites no other Iowa authority permitting such a result.

Like the district court, we conclude that although there would be no constitutional bar to the remedy urged by the State, we are without statutory authority to permit it. The district court was correct in so ruling, and in its order for new trial on the lesser offense only.

**IV.** *Conviction on Remaining Charges.* Belt seeks reversal of the trial court's refusal to grant him a new trial on the remaining charges. Alleging denial of a fair trial, he claims he was prejudiced by prosecutorial misconduct and that the trial court's error in submitting the jeopardy-barred offense under count I influenced the jury's verdict on counts II and III. The arguments are without merit.

█ Belt's claim of prosecutorial misconduct rests entirely on counsel's unreported opening and closing argument which allegedly contained many references to the charge of second-degree theft. Even assuming the viability of such a claim, no ground for reversal appears because we have no record upon which to judge the argument on its merits. We will not predicate error on speculation. *State v. Douglas,* 485 N.W.2d 619, 625 (Iowa 1992).

█ We are equally unpersuaded by Belt's claim that the court's error on count I worked to his substantial disadvantage in the jury's consideration of counts II and III. No presumption of prejudice automatically follows from one double jeopardy violation where there are multiple convictions. *See Benton v. Maryland,* 395 U.S. 784, 798, 89 S.Ct. 2056, 2064, 23 L.Ed.2d 707, 718 (1969) (state court must determine criminal definitions and evidentiary rules to determine impact of double jeopardy error on remaining

counts of multi-count indictment). Here the two theft charges related to completely different properties stolen from different locations. Because the difference between second-degree theft and third-degree theft rests solely on the value of the items stolen, the jury was instructed to first determine whether the State proved the theft at each location, and then to determine the degree of theft based on the separate proof submitted. The marshalling instruction on the burglary charge, of course, involved entirely different elements. Belt has failed to tender any proof that the jury's findings in counts II and III were adversely influenced by erroneous references to second-degree theft in count I. The district court correctly denied Belt's motion for new trial on this ground.

V. *Ineffective Assistance of Counsel.* Belt cites numerous smaller instances of counsel error which he claims entitle him to a new trial on counts II and III. The record before us is inadequate to address them. *State v. Coil,* 264 N.W.2d 293, 296 (Iowa 1978). All appear to involve matters of trial strategy better suited to adjudication in post-conviction proceedings. *See Collins v. State,* 477 N.W.2d 374, 377 (Iowa 1991). Thus we affirm defendant's convictions subject to his right to renew these ineffective assistance of counsel arguments in an application for post-conviction relief.

**AFFIRMED.**