**STATE of Iowa, Plaintiff–Appellee,**

v.

**Mark Steven WINSTEAD, Defendant–Appellee.**

No. 95–827.

Court of Appeals of Iowa.

May 31, 1996.

Joseph J. Hrvol, Council Bluffs, for appellant.

Thomas J. Miller, Attorney General, Sheryl Soich and Julie H. Brown, Assistant Attorneys General, and Connie E. Anstey, County Attorney, for appellee.

Heard by HABHAB, P.J., and CADY and HUITINK, JJ.

HABHAB, Presiding Judge.

On January 8, 1995, Mark Steven Winstead went to the home of his estranged wife.[1] Winstead's name was on the lease of this residence. Winstead confronted his wife's male friend, Daniel White. As White stood on the stoop of the house, Winstead fired several shots. Two shots hit White and one shot went through the screen door and hit Winstead's son in the leg.

Winstead was subsequently charged under six separate counts. Eventually the case went to the jury on three counts only: attempted murder (count I), willful injury (count II), and child endangerment (count III). Winstead requested the court include Iowa Uniform Criminal Jury Instruction 400.16, which provides a defendant need not retreat "if the defendant was on his own property, which he was legally occupying." The court refused to give the instruction on the ground Winstead was not legally occupying the premises at the time of the shooting.

The jury returned a verdict of not guilty of attempted murder, but guilty of the lesser-included offense of assault with intent to inflict serious injury on count I. The jury also returned verdicts of guilty of willful

injury on count II, and not guilty of child endangerment on count III. At sentencing, the district court merged the two convictions and entered judgment on count II (willful injury).

Winstead appeals.

**I. *Double Jeopardy.*** The following illustrates the charges and lesser-included offenses which were submitted to the jury:

*Count I* (Attempted Murder)

Lessers:

(1) Assault with intent to inflict serious injury
(2) Assault causing bodily injury
(3) Assault

*Count II* (Willful Injury)

Lessers:

(1) Assault with intent to inflict serious injury
(2) Assault causing bodily injury
(3) Assault

Under count I, the jury declined to find Winstead guilty of attempted murder but did find him guilty of the lesser-included offense of assault with intent to inflict serious injury. Under count II, the jury found Winstead guilty of the original charge of willful injury.

Winstead contends his double jeopardy rights were violated when the jury found him guilty of both (1) the lesser-included offense under count I of assault with intent to inflict serious injury, and (2) under count II, willful injury. Since a constitutional challenge is at issue, our review is de novo. *State v. Gregg,* 464 N.W.2d 431, 432 (Iowa 1990).

Winstead is not arguing he was improperly retried after an acquittal and he does not claim he is being punished twice for the same offense. Rather, Winstead contends the multiple prosecution aspect of the Double Jeopardy Clause was violated.

1. The marriage was actually dissolved at this time, although the Winsteads were not aware of it.

In his brief, Winstead claims, "Winstead was twice placed in jeopardy for assault with intent since that crime was a lesser included offense under the instructions of both Counts I and II." He complains the district court should have sentenced him for assault with intent rather than willful injury. He asserts in his brief:

> The crime of assault with intent does not require an additional fact different from willful injury. Therefore, for double jeopardy and double punishment analysis purposes, assault with intent and willful injury are the same offense. Punishment for both assault with intent to inflict serious injury and willful injury on the same facts is not constitutionally permissible. Since he was already placed in jeopardy under Count I for the "same offense" under the *Blockburger* [*v. United States*, 284 U.S. 299, 52·S.Ct. 180, 76 L.Ed. 306 (1932)] analysis, the defendant could not be found guilty of willful injury or punished for any crime under Count II.
>
> ... Mark Winstead was twice placed in jeopardy for assault with intent since that crime was a lesser included offense under the instructions of both Counts I and II.

The State admits the "multiple punishment" facet of the Double Jeopardy Clause precludes punishment for both assault with intent and willful injury on the same facts. To the district court's credit, it readily recognized this fact and avoided multiple punishments by merging the two offenses and sentencing Winstead only on the greater offense. *See State v. Blanks*, 479 N.W.2d 601, 606 (Iowa App.1991).

 The Double Jeopardy Clause is intended to protect against: (1) retrial following an acquittal; (2) a second prosecution for the same offense after a conviction; and (3) multiple punishments for the same offense. *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656, 665 (1969); *State v. Dixon*, 534 N.W.2d 435, 439 (Iowa 1995); *State v. Taft*, 506 N.W.2d 757, 760 (Iowa 1993). In addition to these basic protections, where the trial court declares a mistrial without the consent of the defendant and there is an absence of manifest necessity

for the mistrial, double jeopardy will bar a retrial. *Dixon*, 534 N.W.2d at 439.

The underlying idea, one that is deeply ingrained in at least the Anglo–American system of jurisprudence, is that the State with all its resources and power should not be allowed to make repeated attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity, as well as enhancing the possibility that even though innocent he may be found guilty.

*Green v. United States*, 355 U.S. 184, 187–88, 78 S.Ct. 221, 223, 2 L.Ed.2d 199, 204 (1957).

 The protections afforded under the Double Jeopardy Clause stem from the underlying premise that a defendant should not be twice tried or punished for the same offense. *Schiro v. Farley*, 510 U.S. 222, 229, 114 S.Ct. 783, 788–89, 127 L.Ed.2d 47, 56 (1994). When a defendant has been acquitted, the Double Jeopardy Clause guarantees that the State is not permitted to make repeated attempts to convict him. *Id.* Where there is "no threat of either multiple punishment or successive prosecutions, the Double Jeopardy Clause is not offended." *United States v. Wilson*, 420 U.S. 332, 344, 95 S.Ct. 1013, 1022, 43 L.Ed.2d 232, 242 (1975). As the United States Supreme Court stated in *Schiro*:

> Thus, our cases establish that the primary evil to be guarded against is successive prosecutions: "[T]he prohibition against multiple trials is the controlling constitutional principle."

*Schiro*, 510 U.S. at 230, 114 S.Ct. at 789, 127 L.Ed.2d at 57 (citing *United States v. DiFrancesco*, 449 U.S. 117, 132, 101 S.Ct. 426, 434–35, 66 L.Ed.2d 328, 343 (1980)).

 We conclude a defendant is not "twice placed in jeopardy" when the jury progresses through the instructions and considers the next crime with which a defendant is charged. Under the circumstances here, we believe Winstead was placed in jeopardy but once. With the merger of the two offenses, there is no fear of multiple punishment; and even though Winstead was required to present a defense to the two count indictment,

there was but one trial and, albeit there were two separate charges, we do not believe the defense of count II can or should be considered as a "successive prosecution" so as to trigger double jeopardy.[2] We find the Double Jeopardy Clause concept of multiple prosecutions was not violated.

■ Winstead couples his previous argument with the contention the jury's finding of guilt of assault with intent under count I was an implied acquittal of willful injury under count II. To resolve this issue, we must look at the manner in which the case was tried and the jury instructed.

In Instruction No. 25, the jury was instructed under count I to determine if all elements of attempt to commit murder were proved beyond a reasonable doubt. If they were not, then the jury was instructed to move next to assault with intent (Instruction No. 26). The jury did not find Winstead guilty of attempt to commit murder.[3] Thus, it proceeded to Instruction No. 26 which directed if all of the elements of assault with intent were proven beyond a reasonable doubt, then the jury was to find Winstead guilty of this charge. The jury so found. In reaching this verdict, the jury had to conclude Winstead, beyond a reasonable doubt, had the specific intent to inflict serious injury on White.

The jury was then instructed to consider count II. It was told to consider whether all of the elements of willful injury had been proven beyond a reasonable doubt. The State met its burden of proving Winstead was guilty of the major offense of willful injury. Under this count, the jury not only concluded Winstead assaulted White with the specific intent to cause a serious injury, but also that White was seriously injured. It appears to us these findings are consistent. The jury's finding under count I was completely independent of their finding under count II. Under the circumstances here, the former finding does not amount to an implied acquittal on the latter.

■ In making his claim, Winstead cites to *State v. Belt*, 505 N.W.2d 182 (Iowa 1993) for the proposition the "implied acquittal" rule operates to exonerate a defendant of a greater charge when he has been convicted of a lesser-included offense. We agree generally with this statement; however, the factual setting in *Belt* is substantially different than those in the case at bar.[4] *Belt*, 505 N.W.2d at 184. Thus, we conclude *Belt* does not apply to the situation before us.

Although Winstead argues to the contrary, we also find the supreme court's holding in *State v. Taft*, 506 N.W.2d 757 (Iowa 1993), does not apply to this case. *Taft* dealt specifically with the situation where a judge attempted to deliberate a second time and find the defendant guilty of a greater offense when the judge had already provided a written finding of guilt on a lesser-included offense. *Taft*, 506 N.W.2d at 760–61. In making the holding in *Taft* applicable to jury cases, the supreme court stated:

> Had this been a jury trial, the district court could not have reassembled the jury to correct the same mistake without having violated double jeopardy principles. For double jeopardy purposes, we see no difference between a jury and a nonjury verdict.

2. The crimes of attempt to commit murder and willful injury each contain elements different from the other. One is not an included offense of the other. In addition, the proof necessary for a conviction of assault with intent to inflict serious injury is different than the proof necessary to convict for willful injury. In the first instance, the State, among other elements, had to prove Winstead intentionally pointed a firearm at or displayed a firearm in a threatening manner and did so with the specific intent to cause a serious injury. To be guilty of willful injury, the State, among other elements, had to prove Winstead not only assaulted White but White sustained a serious injury.

3. This finding of guilt of the lesser-included offense necessarily constitutes an acquittal of attempted murder.

4. In *State v. Belt*, 505 N.W.2d 182 (Iowa 1993), the supreme court stated it was reversible error to resubmit a greater offense at a second trial when the defendant was impliedly acquitted of that offense in the first trial by the jury's finding the defendant was guilty of a lesser-included offense.

*Id.* at 761 (citations omitted). We find the holding in *Taft* does not apply in the case before us.

Finally, Winstead argues the district court erred in merging counts I and II pursuant to Iowa Code section 701.9 (1993) at the time of sentencing. Section 701.9 codifies the double jeopardy protection against cumulative punishments. *State v. Halliburton*, 539 N.W.2d 339, 344 (Iowa 1995); *State v. Gallup*, 500 N.W.2d 437, 445 (Iowa 1993). We find section 701.9 was intended to be used in situations exactly like the situation in this case. As a result, we conclude the district court properly merged the offenses in sentencing Winstead.

**II. *Jury Instructions.*** Winstead contends the district court erred in failing to give Iowa Criminal Jury Instruction 400.16 as requested by Winstead. Ordinarily, a court must instruct the jury on all material issues raised by the evidence. *State v. Broughton*, 425 N.W.2d 48, 51 (Iowa 1988). To warrant an instruction on a defense, however, the defendant must produce substantial evidence to support that defense. *State v. Babers*, 514 N.W.2d 79, 83 (Iowa 1994).

Winstead requested the following instruction:

> Concerning element No. 2 of Instr. No. 16, if a defendant is confronted with the use of unlawful force against himself, he is required to avoid the confrontation by seeking and using an alternative course of action before he is justified in resisting the force used against him.
>
> However, there is an exception. If the defendant was on his own property which he was legally occupying and the alternative course of action was such that he reasonably believed he had to retreat or leave his position to avoid the confrontation, then he is not required to do so and he may repel force with force including deadly force.

The district court did not include this instruction because the record failed to demonstrate Winstead was legally occupying the place where the shooting occurred. Winstead contends his name was on the lease for the property and he had lived on the property with his family until he and his wife separated.

We agree with the district court there was not substantial evidence in the record to support the inclusion of this jury instruction. Winstead had not lived at the property since July 1994, approximately six months prior to the shooting. We conclude this is not evidence Winstead was legally occupying the premises at the time of the shooting. *See State v. Peck*, 539 N.W.2d 170 (Iowa 1995). Consequently, we conclude the district court did not err in failing to include Winstead's proposed jury instruction.

**AFFIRMED.**

VOGEL, J., takes no part.