# IN THE COURT OF APPEALS OF IOWA

No. 16-0459
Filed May 3, 2017

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**KIERRA BENTLEY,**
Defendant-Appellant.
_____

Appeal from the Iowa District Court for Black Hawk County, Joseph M. Moothart, District Associate Judge.

Kierra Bentley appeals following her convictions for disorderly conduct, interference with official acts, and assault on a peace officer. **AFFIRMED.**

Michael H. Johnson of Johnson Law Firm, Spirit Lake, for appellant.

Thomas J. Miller, Attorney General, and Linda J. Hines, Assistant Attorney General, for appellee State.

Considered by Mullins, P.J., and Bower and McDonald, JJ.

**BOWER, Judge.**

Kierra Bentley appeals following her convictions for disorderly conduct, interference with official acts, and assault on a peace officer. Bentley claims the district court improperly allowed the State to introduce a video recording of her post-arrest behavior into evidence and improperly denied her motion for new trial. We hold the video recording was properly allowed into evidence and the district court did not abuse its discretion by refusing to grant a new trial. We affirm the district court.

## I. Background Facts and Proceedings

On January 27, 2015, Bentley drove to West High School in Waterloo to pick up her brother. She found him and his cousin fighting with a group who were not students. A group of more than twenty people had gathered with some involved in the fight, some attempting to stop the fight, and some watching. An off-duty Waterloo police officer, Kyle Jurgensen, drove by West High School, noticed the fight, called 911 to request help, and ran to stop the fight.

As he arrived at the scene, Jurgensen saw Bentley spit on a man attempting to break up the fight. Jurgensen testified he showed her his badge, identified himself as a police officer, and directed her to leave the crowd as she was under arrest. Bentley did not respond to his direction, cursed at him, and attempted to leave the scene. Jurgensen "took control of her" and moved her out of the crowd and toward the curb.

Jurgensen forced Bentley into a sitting position once they were outside the perimeter of the group. He testified he stood over her, keeping her down and

holding his badge. At some point, Jurgensen was distracted, and Bentley was able to get up and began walking away. Jurgensen again attempted to restrain her, and Bentley kicked him twice. Other officers arrived on the scene, and Bentley was arrested. Bentley maintains she did not hear Jurgensen identify himself and was not aware he was a police officer.

Shortly before the case was scheduled for trial, the prosecution notified Bentley a video recording had been located that had not previously been included in discovery. Trial was continued for a short period of time to allow the prosecution to amend the minutes of evidence and for Bentley to review the recording. After some confusion, Bentley and her trial counsel were able to see the video. In the recording, Bentley uses profanity and derogatory language while deriding the Waterloo Police Department. Over Bentley's objections, the recording was admitted into evidence.

On December 8, 2015, the case proceeded to trial. On December 10, Bentley was found guilty on all three charges. Bentley filed a motion for new trial and in arrest of judgment, which were denied. She was sentenced February 26, 2016, and filed a notice of appeal March 8. On May 13, the Iowa Supreme Court granted Bentley's application for discretionary review of her simple misdemeanor convictions and consolidated the appeals under the current case number.

## II. Standard of Review

District courts' evidentiary rulings are reviewed for abuse of discretion. *State v. Thompson*, 836 N.W.2d 470, 476 (Iowa 2013). "Ordinarily the grant or denial of a new trial is committed to the sound discretion of the trial court,

reviewable on appeal only for abuse of that discretion." *State v. Belt*, 505 N.W.2d 182, 184 (Iowa 1993).

### III. Objection to Evidence

Bentley claims the recording was erroneously admitted into evidence. She claims the recording violated the Iowa rules of criminal procedure, was irrelevant, and was unfairly prejudicial.

#### a. Violation of Iowa Rule of Criminal Procedure

Bentley first claims the State violated the Iowa Rule of Criminal Procedure 2.14(5), rendering the video recording inadmissible. Bentley made discovery requests in March 2015, at which time the State turned over evidence, including a video recording that was not offered at trial. However, shortly before trial was scheduled to begin, the State notified Bentley a second video recording had been discovered. The district court granted a continuance to allow Bentley time to view the video and allow the State to amend the minutes of evidence. Bentley's counsel believed a copy of the video would be made available; however, the State had offered to allow Bentley and her counsel to view the recording at the prosecutor's office or request a copy from the Waterloo Police Department. This confusion resulted in less time to view the video.

Bentley does not claim she had insufficient time to review the evidence or she was unduly and unfairly surprised by the introduction of the recording. Bentley's only claim is the State failed to sufficiently comply with the rules of criminal procedure. However, the "reasons for failure to provide timely discovery may properly be considered by the court." *State v. Leto*, 305 N.W.2d 482, 489

(Iowa 1981). Additionally, our supreme court has afforded "considerable discretion to the trial court in enforcing the discovery rules." *Id.* The State described the cause of the delay in locating the video to the trial court, and the trial court, after due consideration, found a continuance to be an adequate remedy. We hold the trial court did not abuse its discretion.

### b. Relevancy

Bentley next claims the recording should not have been admitted because it was irrelevant to the issues at trial. Evidence is relevant when it has "any tendency to make a fact more or less probable than it would be without the evidence" and "[t]he fact is of consequence in determining the action." Iowa R. Evid. 5.401. The test to determine admissibility is "whether a reasonable [person] might believe the probability of the truth of the consequential fact to be different if he knew of the proffered evidence." *State v. Plaster*, 424 N.W.2d 226, 229 (Iowa 1988) (citations omitted)).

The State was required to prove Bentley had the specific intent to assault Jurgensen. The jury instructions stated "'[s]pecific intent' means not only being aware of doing an act and doing it voluntarily, but in addition, doing it with a specific purpose in mind." In the recording, Bentley made statements regarding her opinions on the Waterloo Police Department, her perception of the fight, and her state of mind at the time she kicked Jurgenson. We hold the district court did not abuse its discretion by finding the recording was relevant.

### c. Unfair Prejudice

Bentley also claims the recording should not have been admitted as any probative value was outweighed by unfair prejudice. The district court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Iowa R. Evid. 5.403. To determine if evidence is more probative than prejudicial "we consider the probative value of the evidence" and then "balance the probative value against the danger of its prejudicial or wrongful effect upon the triers of fact." *State v. Huston*, 825 N.W.2d 531, 537 (Iowa 2013) (internal quotations marks and citations omitted). "Evidence that appeals to a jury's sympathies, arouses its sense of horror, provokes its instinct to punish, or triggers other mainsprings of human actions what may cause a jury to base its decision on something other than the established propositions in the case is evidence that is unfairly prejudicial." *Plaster*, 424 N.W. 2d at 231.

The video depicts Bentley in an agitated state, using profanity, and making derogatory comments against police officers and the Waterloo Police Department. Bentley claims any slight probative value the video has is outweighed by the unfair prejudice it creates. The State contends the recording provided the jury with evidence of Bentley's mental state near the time of the incident and provided evidence Bentley had specific intent. The State also notes Bentley was able to testify she was agitated at the time of the recording due to the circumstances preceding her arrest. The jury was free to believe Bentley's

statements were made in the aftermath of an adrenaline-fueled situation where she was defending her brother.

At the hearing to determine the admissibility of the recording, the district court stated "it appears that the contents of that videotape would be relevant with respect, at least, to the issue of intent. . . . I am also finding that the probative value of that evidence, particularly on the issue of intent, is not substantially outweighed by the danger of unfair prejudice . . . ." The evidence had probative value which the district court weighed against the possibility of prejudice. The district court did not abuse its discretion.

**IV. Motion for New Trial**

Bentley finally claims the district court improperly applied the weight of the evidence standard. The proper question before the district court is whether the verdict is "contrary to the weight of the evidence." *State v. Reeves*, 670 N.W.2d 199, 201 (Iowa 2003). We are limited to a review of the district court's exercise of discretion. *Id.* at 203. "The motion [for new trial] is addressed to the discretion of the court, which should be exercised with caution, and the power to grant a new trial on this ground should be invoked only in exceptional cases in which the evidence preponderates heavily against the verdict." *See State v. Ellis*, 578 N.W.2d 655, 659 (Iowa 1998) (citation omitted).

While Bentley correctly points to many pieces of evidence which tend to exonerate her, including the fact Jurgensen was in plain clothes and conditions were described as riot-like, we find the district court did not abuse its discretion. Evidence was presented showing Bentley had the specific intent to assault a

peace officer, including statements from Jurgensen and Bentley herself.  The verdict was not contrary to the weight of the evidence.

**AFFIRMED.**