**STATE of Iowa, Appellee,**

v.

**Felton James RILES–EL, Appellant.**

**No. 88–1443.**

Court of Appeals of Iowa.

Jan. 25, 1990.

Raymond E. Rogers, State Appellate Defender, and B. John Burns, Asst. State Appellate Defender, for appellant.

Thomas Miller, Atty. Gen., Ann Brenden, Asst. Atty. Gen., Michael P. Short, Co. Atty., and Gordon Liles, Asst. Co. Atty., for appellee.

Heard by SCHLEGEL, P.J., and HAYDEN and HABHAB, JJ.

HABHAB, Judge.

Defendant Felton James Riles–El appeals his convictions, following a jury trial, of sexual abuse in the first degree, kidnapping in the first degree, two counts of robbery in the first degree, three counts of burglary in the first degree, and two counts of attempt to commit murder. He contends the district court erred in: (1) failing to include specific intent as a required element of sexual abuse; (2) submitting assault with intent to commit sexual abuse as a lesser offense of sexual abuse in the first degree; and (3) subjecting him to double jeopardy by permitting two counts of burglary to result from a single entry. We affirm.

On April 6, 1988, T.P. was working as a clerk at a 7–11 convenience store in Fort Madison when defendant entered the store

at 2:40 a.m. After waiting for a customer to leave the establishment, defendant produced a knife and demanded money from T.P. Defendant ordered T.P. to another section of the store and ordered her to disrobe. T.P. protested and told defendant that a policeman would be by shortly for his morning paper. After removing money from the register, defendant forced T.P. to accompany him in his automobile.

Defendant drove his vehicle a short distance before he lost control of it, causing it to become stuck. After again ordering T.P. to remove her clothing, defendant fondled T.P.'s vagina and ordered her to perform an an oral sex act upon him. Defendant and T.P. subsequently left defendant's car and proceeded to a loading dock where defendant attempted acts of sexual intercourse with T.P. After one such effort, T.P. attempted to escape. Defendant, however, caught T.P. and proceeded to stab her six to eight times.

After getting T.P. to her feet, defendant directed her to some houses under the pretext of securing aid for T.P. After defendant gained entry to one unoccupied structure by breaking out a window, he ordered T.P. to crawl through the opening and unlock the door. Once inside, defendant again ordered T.P. to disrobe. After tying T.P.'s hands and feet, defendant forced T.P. to have sexual intercourse with him. Upon completing the sex act, defendant procured a piece of wood and proceeded to strike T.P. about the head approximately nine times. After he finished striking T.P. with the piece of wood, defendant exclaimed that T.P. was a "tough bitch to kill." Defendant then told T.P. to get into a closet and instructed T.P., "Don't do anything, because you never know where I am at."

Defendant proceeded to the residence of L.D. L.D. testified that her husband, a photographer for a local newspaper, left their residence at approximately 4:00 a.m. in order to cover the disappearance of T.P. from the local 7–11 store. Shortly after her husband's departure, defendant came to L.D.'s door and rang the doorbell. Defendant, covered in blood, told L.D. that he

and his wife had just been involved in a serious automobile accident. When L.D. opened the door to learn the supposed location of defendant's vehicle, defendant forced his way into the residence. Upon entering, defendant struck L.D. on the head with a club and asked for her car keys and money. Defendant left the residence and attempted to start L.D.'s car. Unable to do so, defendant reentered L.D.'s residence and demanded sex from L.D. By this time, L.D.'s infant son, B.D., had been awakened. Defendant, after tying L.D.'s hands, again demanded sex from her. When L.D. refused, he struck her with the club. When B.D. began to cry because of this action, defendant told L.D. if she could not quiet B.D. he would kill him. Before leaving, defendant struck both L.D. and B.D. with one final blow from his club.

■ Our review as to the first two issues below are at law for correction of errors. Iowa R.App.P. 4. Since the final issue involves a constitutional right, we make an independent evaluation of the totality of the relevant circumstances shown by the record under which the ruling on that constitutional right was decided. *State v. Jeffries*, 417 N.W.2d 237, 239 (Iowa App.1987).

## I.

■ The defendant first contends the district court erred in failing to include specific intent as the required element of sexual abuse. He reasons that because the lesser offense (assault with intent to commit sexual abuse) requires a specific intent, the greater offense (sexual abuse in the first degree) did as well. He contends that omission of the element of intent was prejudicial to him in that he relied upon a defense of diminished responsibility. Consequently, he argues that in denying his request that specific intent be lifted as an element of sexual abuse, the district court precluded him from relying upon the only defense available to him.

We find defendant's argument on this issue to be meritless. The Iowa Supreme Court has clearly held on several occasions that sexual abuse is a general intent crime.

*See Lamphere v. State,* 348 N.W.2d 212, 217 (Iowa 1984); *State v. Donelson,* 302 N.W.2d 125, 136 (Iowa 1981); *State v. York,* 293 N.W.2d 13, 14 (Iowa 1980).

## II.

■ The defendant next argues the district court erred in submitting assault with intent to commit sexual abuse as a lesser-included offense of sexual abuse in the first degree. The statutory elements approach is the method used in Iowa for determining lesser-included offenses. *See State v. Jeffries,* 430 N.W.2d 728, 732 (Iowa 1988). Under this test, "the lesser offense is necessarily included in the greater offense if it is impossible to commit the greater offense without also committing the lesser offense." *Id.* at 740. An assault with intent to commit sexual abuse includes every element of sexual abuse with the exception of the completion of the sex act. *See generally* 65 Am.Jur.2d *Rape* § 20, at 771 (1972) ("[A]n assault with intent to commit rape includes every essential element of the crime of rape, except the consummation of the sexual act."); 75 C.J.S. *Rape* § 20(b), at 487 (1952) ("An assault with intent to rape is an incompleted rape, so that if accused had consummated his intent he would be guilty of rape. Thus the crime is committed when every element of the crime of rape except the element of penetration is present, or, stated otherwise, an assault with intent to rape includes every ingredient of the crime of rape except the actual accomplishment of that crime.").

In applying the statutory elements approach to this case, we conclude the trial court correctly submitted assault with intent to commit sexual abuse as a lesser-included offense of sexual abuse in the first degree.

## III.

■ Finally, defendant asserts the trial court deprived him of his fifth amendment protection against double jeopardy in permitting him to be convicted of two counts of burglary resulting from a single entry. Defendant's argument, however, misstates the record and therefore also the issue. As we read the record, the issue is whether each of defendant's entrances into L.D.'s residence is sufficient to constitute a separate occurrence of burglary.

We conclude the trial court properly instructed the jury on two separate entries, which in turn support two separate burglary convictions. The first burglary at L.D.'s home occurred when defendant initially broke into her home in order to rob her of money and her automobile. After completing this objective, defendant left L.D.'s residence and attempted to start her car. When he was unable to do so, defendant reentered L.D.'s residence. The defendant's desired objective on the second entry was a sexual assault upon L.D. In the process, defendant intentionally physically assaulted both L.D. and B.D. during this second entry, causing serious injury to both. It is clear from the record that while the period of time between entries was short, it was sufficient to provide defendant with an opportunity for reflection upon his circumstances. *See People v. William S.,* 208 Cal.App.3d 313, 256 Cal. Rptr. 64, 69 (1989). As such, the trial court was correct in instructing on the separate burglaries.

AFFIRMED.