STATE of Iowa, Appellee,

v.

David Lynn TAFT, Jr., Appellant.

No. 92–840.

Supreme Court of Iowa.

Sept. 22, 1993.

Linda Del Gallo, State Appellate Defender and B. John Burns, Asst. State Appellate Defender, for appellant.

.Bonnie J. Campbell, Atty. Gen., Thomas S. Tauber, Asst. Atty. Gen., Denver D. Dillard, County Atty., and Harold Denton, Asst. County Atty., for appellee.

Considered by McGIVERIN, C.J., and HARRIS, LARSON, CARTER, and LAVORATO, JJ.

LAVORATO, Justice.

In a bench trial, the district court ultimately convicted the defendant of three crimes: first-degree burglary, sexual abuse in the second degree, and assault with intent to commit sexual abuse with bodily injury. In his appeal, the defendant's main contention is that the district court subjected him to double jeopardy. In support of this contention, the defendant argues that the district court found him guilty of assault with intent to commit sexual abuse with bodily injury after initially finding him guilty of assault causing bodily injury, a lesser included offense. The defendant also contends (1) there was insufficient evidence to support the burglary conviction and (2) the district court erred in not suppressing one of the victim's eye witness out-of-court identification of him as the perpetrator.

We vacate the order that changed the original conviction from the lesser to the greater offense. We also vacate that part of the sentencing order pertaining to the sentence for the greater offense. We remand for sentencing on the lesser offense. We affirm on the insufficiency of the evidence and the out-of-court identification issues.

In June 1991 two young girls—ages nine and ten—had just returned home from swimming when the defendant, David Lynn Taft, knocked on their door. The girls were home alone. One of the girls let Taft in after he told her he wanted to use the phone.

Once inside, Taft dialed a number but did not talk to anyone. After a short time, Taft exited the house but remained on the premis-

es, smoking a cigarette. He then re-entered the house, but this time he did not knock.

At some point, the phone rang. The caller was the girls' mother. The girl answering the phone told her mother that Taft was there. The mother asked to talk to Taft. Taft told the mother he was there because he needed to make a phone call. The mother told Taft to make his call and leave.

Taft then tried to make the call but apparently reached no one. Instead of leaving the house, Taft proceeded to sexually assault one of the girls after attempting such an assault on the other. Taft then left.

We recite further facts relevant to the issues to be discussed.

## I. *The Double Jeopardy Issue.*

Assault with intent to commit sexual abuse with bodily injury was one of the charges the State filed against Taft. *See* Iowa Code § 709.11 (1991). Following a bench trial the district court, Judge Conmey, did not find Taft guilty of this offense. Instead, the court found Taft guilty of assault causing bodily injury, a lesser included offense. *See* Iowa Code §§ 708.2(2), 709.11.

After making findings of fact essentially as we have detailed them, the district court wrote:

### Ruling on Count III

Assault causing a bodily injury—elements. The State must prove all of the following elements of assault causing a bodily injury:

1. On or about the 7th day of June, 1991, the defendant did an act which resulted in physical contact which was insulting or offensive and placed [the victim] in fear of an immediate physical contact which would have been painful, injurious, insulting or offensive to her.

2. The defendant had the apparent ability to do the act.

3. The defendant's act caused a bodily injury to [the victim].

*The court finds that the defendant is guilty of assault causing a bodily injury to [the victim] beyond a reasonable doubt.*

. . . .

All of Which is Ordered, Adjudged and Decreed this 4th day of March, 1992.

(Emphasis added.)

On April 30, 1992, the same judge sentenced Taft to an indeterminate term not to exceed twenty-five years on the conviction for sexual abuse in the second degree, an indeterminate term not to exceed twenty-five years on the conviction for burglary in the first degree, and an indeterminate term not to exceed *five years for assault with intent to commit sexual abuse with bodily injury.* The court ordered the sentences for sexual abuse and burglary to run concurrently and ordered the sentence for assault with intent to commit sexual abuse with bodily injury to run consecutively with the concurrent sentences.

The sentencing, of course, was not in accord with the verdict. The court had initially found Taft guilty of assault causing bodily injury, a serious misdemeanor. *See* Iowa Code § 708.2(2); *see also* Iowa Code § 903.-1(1)(b) (penalty is "imprisonment not to exceed one year, or a fine not to exceed one thousand dollars, or both"). But at sentencing the court sentenced Taft on assault with intent to commit sexual abuse causing bodily injury, a class "D" felony. *See* Iowa Code § 709.11; *see also* Iowa Code § 902.9(4) (penalty is imprisonment for not more than five years, and in addition a fine of not more than seven thousand five hundred dollars may be imposed).

Realizing its mistake, the district court immediately after the sentencing set a hearing, on its own motion, for May 4, to "correct the Conclusions of Law and the elements of Count III of page 7 of the court's ruling filed the 4th day of March, 1992."

At the May 4 hearing the court explained its mistake and—over Taft's objections—corrected it. After the hearing the court entered the following written order that pertinently provided:

The court inadvertently referred to assault causing a bodily injury and its elements under Count III of the Trial Information. It was the intent of this court to set out the elements of assault with intent to com-

mit sexual abuse, as defined in instruction No. 900.6. 900.6 provides as follows:

Assault with intent to commit sexual abuse—serious injury—elements. The State must prove all of the following elements of assault with intent to commit sexual abuse resulting in (serious injury) (bodily injury):

1. On or about the 7th day of June, 1991, the defendant assaulted [the victim];

2. The defendant did so with the specific intent to commit a sex act;

3. The defendant's assault caused a bodily injury to [the victim].

. . . .

The record should further show that the court has in another paragraph in its ruling of March 4, 1992, made the finding that the defendant had the specific intent to commit sexual abuse, which incorporates a sex act, on [the victim] when he entered the ... residence the second time. . . .

*The court reaffirms its findings by evidence beyond a reasonable doubt that the defendant is guilty of assault with intent to commit sexual abuse causing a bodily injury against [the victim] . . . .*

All of Which is Ordered, Adjudged and Decreed this 4th day of May, 1992.

(Emphasis added.)

Taft thinks he was subjected to double jeopardy in violation of the federal and Iowa Constitutions when the district court entered a judgment of conviction on the greater offense after finding him guilty of the lesser. The Double Jeopardy Clause of the federal Constitution provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." U.S. Const. amend. V. The corresponding provision in the Iowa Constitution provides that "[n]o person shall after acquittal, be tried for the same offense." Iowa Const. art. I, § 12.

■ The Double Jeopardy Clause protects against (1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same

offense. *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656, 664–65 (1969). Taft says that "once the district court entered a verdict, for whatever reason, acquitting him of the greater offense while convicting him of the lesser, the Fifth Amendment renders the court powerless to 're-deliberate,' and to convict him of the greater."

The State counters by arguing that double jeopardy is not implicated at all. According to the State the district court did not redeliberate and then change its verdict. Rather, the court mistakenly rendered a verdict that did not reflect its intention at the time. Then all it did was to correct the verdict to show this original intention that it had mistakenly failed to express.

■ The Double Jeopardy Clause is implicated only when a defendant has been placed in jeopardy. *United States v. Martin Linen Supply Co.*, 430 U.S. 564, 569, 97 S.Ct. 1349, 1353, 51 L.Ed.2d 642, 650 (1977). In a bench trial double jeopardy attaches when the judge begins to receive evidence. *Id.*

■ The United States Supreme Court has long held that a verdict of acquittal cannot be reviewed for *any* reason without violating the Double Jeopardy Clause. *Id.* at 571, 97 S.Ct. at 1354, 51 L.Ed.2d at 651; *Serfass v. United States*, 420 U.S. 377, 392, 95 S.Ct. 1055, 1064, 43 L.Ed.2d 265, 276 (1975); *United States v. Sisson*, 399 U.S. 267, 289–90, 90 S.Ct. 2117, 2129, 26 L.Ed.2d 608, 624 (1970); *Fong Foo v. United States*, 369 U.S. 141, 143, 82 S.Ct. 671, 672, 7 L.Ed.2d 629, 631 (1962) (per curiam); *Kepner v. United States*, 195 U.S. 100, 126–27, 24 S.Ct. 797, 803, 49 L.Ed. 114, 123 (1904); *Ball v. United States*, 163 U.S. 662, 671, 16 S.Ct. 1192, 1195, 41 L.Ed. 300, 303 (1896). And, this perhaps has been the most fundamental rule in the history of double jeopardy jurisprudence. *Martin Linen Supply Co.*, 430 U.S. at 571, 97 S.Ct. at 1354, 51 L.Ed.2d at 651. The rule is so jealously guarded, that a review is not permitted even if "the acquittal was based upon an egregiously erroneous foundation." *Fong Foo*, 369 U.S. at 143, 82 S.Ct. at 672, 7 L.Ed.2d at 631.

■ The pivotal question is what constitutes an acquittal. *Martin Linen Supply Co.*, 430 U.S. at 571, 97 S.Ct. at 1354, 51 L.Ed.2d at 651. The answer does not depend on the form the judge's action takes. *Id.* Rather, the judge's ruling constitutes an acquittal if it "actually represents a resolution, correct or not, of some or all of the factual elements of the offense charged." *Id.* Based on this reasoning, a judge's directed verdict in favor of the defendant is binding for double jeopardy purposes. *Fong Foo*, 369 U.S. at 143, 82 S.Ct. at 672, 7 L.Ed.2d at 631.

■ However, a mid-trial motion to dismiss based upon a claim of prejudice caused by preindictment delay is not similarly binding. *United States v. Scott*, 437 U.S. 82, 99, 98 S.Ct. 2187, 2198, 57 L.Ed.2d 65, 79 (1978). This is so because

> the defendant, by deliberately choosing to seek termination of the proceedings against him on a basis *unrelated to factual guilt or innocence of the offense of which he is accused*, suffers no injury cognizable under the Double Jeopardy Clause if the government is permitted to appeal from such a ruling of the trial court in favor of the defendant.

*Id.* at 98–99, 98 S.Ct. at 2198, 57 L.Ed.2d at 79 (emphasis added).

■ Here the judge heard all of the evidence and rendered a written verdict of guilty on the lesser included offense of assault causing bodily injury. Assault causing bodily injury has two elements found in the greater offense of assault with intent to commit sexual abuse with bodily injury. Those two elements are assault and bodily injury. The district court's first verdict therefore represented a resolution of some of the elements of the greater offense. In that sense the verdict constituted an "acquittal" of the greater offense for double jeopardy purposes. *See Green v. United States*, 355 U.S. 184, 190, 78 S.Ct. 221, 225, 2 L.Ed.2d 199, 206 (1957) (conviction of the lesser offense impliedly acquits defendant of the greater offense for purposes of double jeopardy). And, for double jeopardy purposes, it makes no difference that the trial judge made a mistake in rendering a verdict of guilty on the lesser

included offense. *Martin Linen Supply Co.*, 430 U.S. at 571, 97 S.Ct. at 1355, 51 L.Ed.2d at 651 (judge's ruling constitutes an acquittal if ruling "actually represents a resolution, *correct or not*, of some or all of the factual elements of the offense charged") (emphasis added). Cf. *State v. Rader*, 55 Ohio App.3d 102, 104, 563 N.E.2d 304, 306 (1988) (trial court's error in finding defendant guilty of lesser included offenses upon her plea of no contest to charges in indictment could not be corrected; when no contest plea was offered and accepted defendant had subjected herself to jeopardy).

Had this been a jury trial, the district court could not have reassembled the jury to correct the same mistake without having violated double jeopardy principles. *See People v. Rushin*, 37 Mich.App. 391, 397, 194 N.W.2d 718, 721–22 (1971) (jury may not be recalled in criminal case, after it has been discharged and left the courtroom, in order to amend or alter its verdict; permitting such a procedure violates state and federal Double Jeopardy Clauses). For double jeopardy purposes, we see no difference between a jury and a nonjury verdict. So we conclude that the Double Jeopardy Clauses of the federal and Iowa Constitutions barred the district court from likewise correcting its mistake.

II. *The Sufficiency of the Evidence Issue.*

Iowa Code section 713.1 pertinently provides:

> Any person, having the intent to commit a felony ..., who, *having no right, license or privilege to do so*, enters an occupied structure ... or *who remains therein ... after the person's right, license or privilege to be there has expired* ... commits burglary.

(Emphasis added.)

The trial information charged only that Taft illegally entered the residence. Taft says this limited the State to proving only the "no right, license or privilege" alternative and not the second alternative: "who remains therein ... after the person's right, license or privilege to be there has expired." Taft further says the evidence was insuffi-

cient to establish the first alternative and for that reason the conviction for this offense was not supported by substantial evidence. Taft preserved error on this issue by moving for judgment of acquittal at the close of the State's evidence and at the close of all the evidence. The district court overruled both motions.

■■■■ The district court's finding of guilt is binding on us unless we conclude there was not substantial evidence in the record to support such a finding. In determining whether there was substantial evidence, we review the record in the light most favorable to the State. Substantial evidence means such evidence as could convince a rational trier of fact that the defendant is guilty beyond a reasonable doubt. *State v. Torres*, 495 N.W.2d 678, 681 (Iowa 1993).

■■■■ Contrary to Taft's contention, we think there was substantial evidence to establish the first alternative: "no right, license or privilege." The first time, one of the girls allowed Taft to enter the home after he knocked and asked to use the phone. The second time, Taft knew he had no right to enter the girls' home because their mother had told him to make the call and leave. After smoking a cigarette, Taft reentered without knocking. The second entry was separate from the first, and this time the entry was without permission. On similar facts, our court of appeals concluded there was substantial evidence to establish two separate entries. *See State v. Riles–El*, 453 N.W.2d 538, 539–40 (Iowa App.1990).

### III. *The Eyewitness Identification Issue.*

A day after the alleged sexual assault, the police picked up Taft and took him to the police station where he admitted the assault. The police then arrested Taft and booked him.

Later that day the police put Taft in a room that could be seen from another room through one-way glass. The police then had the two girls come down and view Taft through this one-way glass. Taft was in the room with a uniformed police officer. The police told the girls that Taft was believed to be the one who had committed the assault.

Upon seeing Taft, one of the girls said, "That's him."

Later, Taft filed a motion to suppress testimony that the girls' had made an out-of-court identification of him and to preclude their in-court identification. The motion was based on the facts sketched out above. Taft claimed that the allegedly improper out-of-court identification would taint any in-court identification and would therefore violate his rights to due process under the federal and Iowa Constitutions. *See* U.S. Const. amend. XIV (no state "shall ... deprive any person of life, liberty, or property, without due process of law"); Iowa Const. art. I, § 9 ("no person shall be deprived of life, liberty, or property, without due process of law").

The district court, Judge Robinson, found that the identification procedure used by the police was indeed impermissibly suggestive, but that it did not create a "very substantial likelihood of irreparable misidentification." With this, the district court overruled Taft's motion to suppress. On appeal, Taft challenges the ruling, urging the same grounds as he did in his motion to suppress.

■■■■ Because Taft raises a constitutional challenge our review is de novo in light of the totality of the circumstances. *Mahers v. State*, 437 N.W.2d 565, 567 (Iowa 1989).

■■■■ We use a two-step analysis of challenges to out-of-court identifications. First, we decide whether the procedure used for the identification was impermissibly suggestive. If we find that it was, we must then decide whether "under the totality of [the] circumstances the suggestive procedure gave rise to a very substantial likelihood of irreparable misidentification." *State v. Whetstine*, 315 N.W.2d 758, 764 (Iowa 1982). The critical question under the second step is whether the identification was reliable.

■■■■ We assume—without deciding—that the procedure used here was impermissibly suggestive. But, we find there was not a very substantial likelihood of irreparable misidentification. The identification under the totality of the circumstances was reliable. We therefore find no error in the district

court's action overruling the motion to suppress on this issue.

■ On the question of reliability, we give weight to five factors: (1) the opportunity of the witness to view the perpetrator at the time of the crime, (2) the witness' degree of attention, (3) the accuracy of the witness' prior description of the perpetrator, (4) the level of certainty demonstrated by the witness at the confrontation, and (5) the length of time between the crime and the confrontation. *Id.* at 764–65.

Here the girls had ample opportunity to view their assailant at the time of the assault. He was in the home twice. He carried out his assault in the presence of both girls.

Taft gave a written statement to the police, which is in evidence. In it he described how he followed one of the girls into a back bedroom where the other one was. He admitted he then committed the sexual assault. Given these circumstances, it is likely that the girls' attention was riveted to their assailant and that they would therefore remember him.

The girls' description of Taft was good enough to lead to his arrest. The afternoon of the assault, Taft had sought employment at a sheet metal company and had signed an information sheet. The individual who had taken the application from Taft watched the ten o'clock news on television that night. The girls' description of Taft was given during the news. According to this individual the description matched Taft. The following morning the individual reported all of this to the police and gave them the information sheet that Taft had signed.

In addition, the girls' identification of Taft at the police station was spontaneous and without hesitation. And the length of time between the assault and this identification was short: one day.

### IV. *Disposition.*

Double jeopardy principles barred the May 4 order in which the district court found Taft guilty of assault with intent to commit sexual abuse with bodily injury, after initially finding him guilty of a lesser included offense. The sentencing order of April 30 pertaining

to the five year indeterminate term for the greater offense is likewise barred, and for this reason the sentence is an illegal one. So we vacate the May 4 order and that part of the April 30 sentencing order pertaining to the five year indeterminate term.

There was substantial evidence to support the burglary conviction. So the district court correctly overruled Taft's motions for judgment of acquittal. We reject Taft's constitutional challenge to the out-of-court identification. So the district court was correct in overruling Taft's motion to suppress in which he made that challenge.

All of this means that the original conviction ruling remains intact. Taft stands convicted of sexual abuse in the second degree, burglary in the first degree, and assault causing bodily injury. The sentences on the sexual abuse and burglary convictions also remain intact. However, the case must be remanded for sentencing on the conviction for assault causing bodily injury.

**AFFIRMED IN PART; VACATED IN PART; AND REMANDED.**