STATE of Iowa, Appellee,

v.

Melissa J. ZAHNER, Appellant.

No. 94–1416.

Court of Appeals of Iowa.

Feb. 2, 1996.

Randy L. Waagmeester of DeWaay & Waagmeester, Rock Rapids, for appellant.

Thomas J. Miller, Attorney General, Angelina M. Smith, Assistant Attorney General, and Mark J. Schouten, County Attorney, for appellee.

Considered by SACKETT, P.J., and HABHAB and CADY, JJ.

HABHAB, Judge.

Defendant Melissa Zahner was charged with the crime of forgery in violation of Iowa Code section 715A.2(1)(b) and (c) and section 715.2(2)(a) (1993). Following a bench trial, the district court found her guilty of this crime, and we affirm. This is a companion case to *State v. Zahner*, No. 94–1417/5–536 (Iowa App.1995) (Unpublished), which involves defendant's husband.

Each Saturday, the Anema Meat Truck came to Hawarden in Sioux County. On July 10, 1993, a Saturday, Patrick Zahner and a short, heavy-set woman with dark hair

came to the Anema Meat Truck. The woman picked out meat while the man talked to Jay Schipper, owner of Anema Meats. The woman paid for the meat with a check for $165. The checks were in the name of Dorothy Sitzman, and the woman signed the check as Dorothy Sitzman. Schipper testified he helped the couple load the meat into a small red car.

The check was subsequently returned to Schipper with a notation, "account closed." On July 24, 1993, Schipper went to Sitzman's residence in Sioux City to investigate the returned check. When Sitzman answered the door, Schipper saw she was not the same woman who had signed the check. When asked if anyone might be using her checks, Sitzman produced a picture of Melissa and Patrick Zahner. Melissa is Sitzman's granddaughter. Schipper stated these were the people who had given him the check.

Schipper and Sitzman contacted law enforcement officials. When shown a photographic array of six women, Schipper was able to pick out Melissa's picture as the person who had given him the check.

At the trial, Melissa presented an alibi defense. She testified she had been eight months pregnant during July 1993, and had not left the house all day on July 10, 1993. The couples' other two children were in foster care, but Melissa and Patrick had visitation with the children on July 9 and 10. On July 10, social workers were present in the house to check on the children from 8:00 to 8:30 a.m., from 10:00 to 10:30 a.m., and from 2:00 to 2:30 p.m. Melissa was at home with the children during each of these visits. Melissa admitted she owned a small red car, but stated it did not run very well.

Patrick testified he and his mother, Marlena Pannell, now known as Marlena Van Dorn, had gone to Hawarden on July 10 in a blue car. He agreed Melissa had stayed home. He stated Melissa and Marlena looked somewhat similar, and were sometimes confused for one another. He furthermore stated he and his mother had arrived back in Sioux City shortly before 2:00 p.m. and his mother immediately began to dye her hair blonde in his kitchen and she had blonde

hair by the time the social worker arrived at 2:00 p.m.

Marlena testified she went to Hawarden with Patrick and Melissa in a blue car. She stated she did not go inside the meat truck, but did see Schipper when he was loading meat into the car. She testified she had long blonde hair during July 1993. She denied dying her hair blonde at Patrick and Melissa's house.

Linda Barcelou testified Marlena had admitted to her she had forged the check. Barcelou admitted she felt animosity toward Marlena.

In rebuttal, the State presented the testimony of Betty Nelson, the social worker who had visited the house at 2:00 p.m. Nelson testified Marlena had long blonde hair on that day.

Melissa and Patrick were jointly tried in a bench trial. The district court concluded Melissa was guilty of the crime of forgery and Patrick was guilty of aiding and abetting her. The court found Melissa, Patrick, and Marlena were not credible witnesses. The court noted there was sufficient time from 10:30 a.m. to 2:00 p.m. when Melissa could have traveled from Sioux City to Hawarden and back. The court stated it did not believe Patrick's testimony that Marlena was a brunette earlier in the day on July 10 and she dyed her hair blonde shortly before the social worker arrived. The court also discounted the testimony of Barcelou because of her animosity toward Marlena.

Melissa was convicted of the crime of forgery. She was sentenced to imprisonment for a term of five years. The court suspended this sentence and she was placed on probation for a period of three years. Melissa now appeals.

■ I. Melissa contends the district court erred in failing to acquit her in light of her alibi evidence. She claims the district court improperly imposed the burden of proof upon her regarding her alibi. She also points out that Marlena admitted she was in Hawarden. Melissa believes it was Marlena who forged the check. She believes Schipper got confused when Sitzman showed him the picture of her with Patrick, and Schipper

then identified her as the person he had seen with Patrick in Hawarden. She notes she was eight months pregnant at the time of the crime, but Schipper testified he did not notice that the woman who signed the check was pregnant.

■ In essence, Melissa is claiming there is insufficient evidence in the record to show she was the one who committed the crime. When a criminal defendant challenges the sufficiency of evidence to support a conviction, we review all the evidence in the record in a light most favorable to the State. *State v. Garr*, 461 N.W.2d 171, 173 (Iowa 1990). We must uphold the conviction if there is substantial evidence in the record to support it. *State v. Frake*, 450 N.W.2d 817, 819 (Iowa 1990). Evidence is substantial when a reasonable mind would accept it as adequate to reach a conclusion. *State v. Robinson*, 288 N.W.2d 337, 339 (Iowa 1980).

We find there is substantial evidence in the record to show Melissa committed the crime of forgery. Schipper identified Melissa as the person who wrote the check when Sitzman showed him the picture. He also picked Melissa's photograph out of a photographic array and identified her at trial. Evidence showed at the time of the crime Marlena had long, blonde hair, while Melissa had short, dark hair. Thus, it is unlikely Schipper would have mistaken Melissa for Marlena.

Even considering Melissa's alibi evidence, we find there is sufficient evidence in the record to support her conviction.

■ II. Melissa claims the photographic identification procedures in this case were constitutionally improper. She states she was denied her right to due process because Schipper was improperly influenced by the photograph showed to him by Sitzman. She believes this photograph influenced Schipper's identification of her in the photographic array and at trial, and made these identifications unreliable.

The State contends Melissa has not properly preserved error on this issue. We believe her objections at trial to the photographs used in the pre-trial identification procedures was sufficient to preserve this issue for our review.

■ We employ a two-step process to analyze challenges to out-of-court identifications. *State v. Taft*, 506 N.W.2d 757, 762 (Iowa 1993). First, we consider whether an impermissibly suggestive procedure was employed. *State v. Holderness*, 301 N.W.2d 733, 738 (Iowa 1981). Second, if such an impermissibly suggestive procedure was used, we then determine whether, under the totality of circumstances, the procedure created a very substantial likelihood of irreparable misidentification. *Id.* The critical question under the second step is whether the identification was reliable. *Taft*, 506 N.W.2d at 762.

In the present case it was Sitzman, not State officials, who showed the initial photograph to Schipper. Therefore, the initial identification did not involve State action. We find this incident does not evoke the degree of suggestibility as would have occurred if Schipper had been shown a single photograph by police officers.

Melissa's other claims of improper identification are based on her assumption the initial incident where Sitzman showed Schipper Melissa's photograph was impermissibly suggestive. Because we have concluded this incident was not impermissibly suggestive, we are unable to find the identification procedures used in this case were improper.

Melissa has also raised a claim that Schipper's identification of Patrick was improper because a police officer asked Schipper to look at the newspaper on a specific date in which Patrick's picture was in the paper. We find this argument to be irrelevant to Melissa's conviction. Patrick admitted he entered the meat truck in Hawarden.

After considering all issues raised in this appeal, we affirm defendant's conviction for forgery. Costs of this appeal are assessed to defendant.

**AFFIRMED.**