# IN THE COURT OF APPEALS OF IOWA

No. 19-0952
Filed May 13, 2020

**STATE OF IOWA,**
     Plaintiff-Appellee,

**vs.**

**ADAM CRARY,**
     Defendant-Appellant.
_____

Appeal from the Iowa District Court for Allamakee County, Alan Heavens, Judge.

A defendant appeals from his guilty plea and conviction for sexual abuse in the third degree. **AFFIRMED.**

John J. Sullivan of Sullivan Law Office, P.C., Oelwein, for appellant.

Thomas J. Miller, Attorney General, and Tyler J. Buller, Assistant Attorney General, for appellee.

Considered by Tabor, P.J., and Mullins and Schumacher, JJ.

**SCHUMACHER, Judge.**

Adam Crary appeals from his guilty plea and conviction for sexual abuse in the third degree. He asks us to vacate his plea and remand for trial, arguing he received ineffective assistance of counsel in violation of the Sixth Amendment. We reject the contention that Crary's counsel below was ineffective for failing to object to a lack of factual basis, and we preserve Crary's remaining ineffective-assistance claims for possible future postconviction-relief proceedings. Crary's conviction is affirmed.

## Background Facts and Proceedings

Adam Crary and his then-spouse K.C. were separated and going through a divorce in 2017. On Labor Day weekend of that year, the two and their children went camping as part of group of three families. Due to Crary's past abusive conduct, it was arranged that although Crary, K.C., and their children would stay in the same camper, Crary would sleep on the couch and K.C. would sleep in the bed.

K.C. awoke at approximately 2:30 a.m. on Sunday, September 3, 2017, to discover Crary was in her bed and had inserted two fingers into her vagina. Her pants and underwear were pulled down to her knees. After K.C. slapped Crary and rebuked him, Crary still refused to leave the bed until approximately 6:30 a.m. At that point, an argument ensued and K.C. left the camper and informed another adult in the group about the incident. She later reported the incident to the Allamakee County Sheriff's Office.

Upon request, Crary presented himself at the Allamakee County Sheriff's Office on December 3, 2017, for an interview with Deputy John Grampovnik. After

receiving *Miranda* warnings, Crary agreed to speak with Deputy Grampovnik. Crary asserted he already knew what K.C. alleged occurred, and Crary questioned K.C.'s credibility. At the conclusion of the interview, Deputy Grampovnik arrested Crary.

The State charged Crary with sexual abuse in the third degree pursuant to Iowa Code sections 709.1(1)[1] and 709.4(1)(a) or (d) (2017),[2] a class "C" felony. On May 6, 2019, Crary pleaded guilty pursuant to a plea agreement under which he would receive an indeterminate ten-year sentence with that sentence to be suspended. The district court accepted the plea agreement and imposed sentence. Crary timely appealed, alleging he received ineffective assistance of counsel.[3]

---

[1] Section 709.1 provides:
> Any sex act between persons is sexual abuse by either of the persons when the act is performed with the other person in any of the following circumstances:
>> 1. The act is done by force or against the will of the other. If the consent or acquiescence of the other is procured by threats of violence toward any person or if the act is done while the other is under the influence of a drug inducing sleep or is otherwise in a state of unconsciousness, the act is done against the will of the other.

[2] Section 709.4(1) provides:
> A person commits sexual abuse in the third degree when the person performs a sex act under any of the following circumstances:
>> a. The act is done by force or against the will of the other person, whether or not the other person is the person's spouse or is cohabiting with the person.
>> . . . .
>> d. The act is performed while the other person is mentally incapacitated, physically incapacitated, or physically helpless.

[3] This appeal was pending on July 1, 2019, so we could address an ineffective-assistance claim on direct appeal from a guilty plea if the record is adequate. *See State v. Macke*, 933 N.W.2d 226, 227 (Iowa 2019) ("Iowa Code sections 814.6 and 814.7, as amended, do not apply to a direct appeal from a judgment and sentence entered before July 1, 2019."); *see also State v. Leahy*, No. 18-1698, 2019 WL

**Standard of Review**

"We review ineffective-assistance-of-counsel claims de novo." *State v. Thorndike*, 860 N.W.2d 316, 319 (Iowa 2015) (citing *State v. Clay*, 824 N.W.2d 488, 494 (Iowa 2012)). Ordinarily such claims are preserved for postconviction-relief proceedings to allow defendant's trial counsel to defend against the charge. *Id.* "Only in rare cases will the trial record alone be sufficient to resolve the claim on direct appeal." *State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006). To succeed on a claim of ineffective assistance of counsel, the defendant must prove by a preponderance of the evidence both that "(1) his trial counsel failed to perform an essential duty, and (2) this failure resulted in prejudice." *Id.* (citing *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984)).

To prove his trial counsel failed to perform an essential duty, Crary "must prove his counsel's performance was deficient, meaning trial counsel 'made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.'" *State v. Palmer*, 791 N.W.2d 840, 850 (Iowa 2010) (quoting *Strickland*, 466 U.S. at 687). To prove prejudice, the defendant must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Ledezma v. State*, 626 N.W.2d 134, 143 (Iowa 2001) (quoting *Strickland*, 466 U.S.at 694). "In considering the defendant's claims of inadequate representation,

---

5424959, at *2 (Iowa Ct. App. Oct. 23, 2019); *State v. Krone*, No. 18-0130, 2020 WL 821935, at *4 (Iowa Ct. App. Feb. 19, 2020).

we find important the principle that counsel has no duty to raise an issue that lacks merit." *State v. Taylor*, 689 N.W.2d 116, 134 (Iowa 2004).

**Discussion**

Crary argues he received ineffective assistance of counsel for three reasons. First, he alleges his counsel allowed him to plead guilty when there was no factual basis to support his plea. Second, he complains he was denied his ability to plead guilty pursuant to *North Carolina v. Alford*, 400 U.S. 25 (1970). Third, he contends he would have elected to proceed to trial had his trial counsel informed him that his charge of sexual abuse in the third degree was not a forcible felony.

1.  Factual Basis

We determine there was a factual basis for Crary's guilty plea, so we reject Crary's argument that his counsel was ineffective for failing to challenge the plea based on a lack of factual basis.

Crary's statements at sentencing and the minutes of testimony establish a factual basis for the crime of sexual abuse in the third degree. The following exchange occurred during the plea colloquy:

> The court: Were you in Allamakee County on September 3, 2017?
> Defendant: Yes.
> The court: And did you commit sexual abuse in the third degree by performing a sex act with another person whose initials are K.C. by force or against the will of K.C. or while K.C. was physically helpless?
> Defendant: Yes.

The court also asked Crary if he had received a copy of the trial information and minutes of testimony and if he had reviewed them, to which Crary replied that

he had reviewed them. When asked whether the court could rely on the minutes of testimony to establish a factual basis that he committed the offense, Crary responded "yes."

The minutes of testimony contain allegations that on September 3, 2017, Crary entered K.C.'s bed without her consent, after being earlier instructed to sleep elsewhere, and inserted his fingers into her vagina while she was sleeping. This allegation, together with Crary's admission to committing a sex act by force or against the will of K.C. or while K.C. was physically helpless, suffices to create a factual basis to support the charge of sexual abuse in the third degree. Because we conclude there was a factual basis to support the plea, any claim to the contrary would have been meritless, and Crary's counsel had no duty to make such a claim. *See Taylor*, 689 N.W.2d at 134. Additionally, Crary suffered no prejudice by his counsel's failure to make a meritless claim, as there was no reasonable likelihood of a different result had counsel protested. *See Ledezma*, 626 N.W.2d at 143.

Crary also argues his counsel was ineffective because there was insufficient evidence in the minutes of testimony showing his conduct "was intended to be by force or against her will." We reject this claim because the provisions under which Crary was convicted do not require that Crary intended his conduct to be by force or against the victim's will.

Crary was convicted under sections 709.1(1) and 709.4(1)(a). These provisions do not require specific intent. *See State v. Booth*, 169 N.W.2d 869, 874 (Iowa 1969) ("The statutory definition makes the proof of certain acts alone sufficient and the general criminal intent is supplied by the performance of such acts."); *State v. Riles-El*, 453 N.W.2d 538, 539 (Iowa Ct. App. 1990) ("The Iowa

Supreme Court has clearly held on several occasions that sexual abuse is a general intent crime."). Any claim to the contrary would have been meritless, and therefore counsel was not ineffective for failing to raise such a claim.

2. *Alford* Plea and Forcible Felony

Crary makes two more ineffective-assistance-of-counsel claims, both of which allege his trial counsel's errors led to his plea not being knowing, intelligent, and voluntary. Trial counsel will be deemed ineffective if, at a plea hearing, a defendant is "unable to make an intelligent and informed choice from among his alternative courses of action" due to erroneous pre-plea legal advice. *Meier v. State*, 337 N.W.2d 204, 208 (Iowa 1983) (quoting *Rinehart v. Brewer,* 561 F.2d 126, 132 (8th Cir.1977)).

First, Crary alleges he was "denied his opportunity" to enter a plea pursuant to *North Carolina v. Alford*, which permits a defendant to "voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime." 400 U.S. 25, 37 (1970). He contends he "was under the impression he would be given the opportunity as part of this plea agreement."

However, "*Alford* did not give defendants a right, constitutional or otherwise, to enter an *Alford* plea." *State v. Knight*, 701 N.W.2d 83, 89 (Iowa 2005). Because Crary had no right to an *Alford* plea, his trial counsel breached no essential duty by failing to assert *Alford*, nor can Crary prove he suffered prejudice from pleading guilty without raising *Alford*. Accordingly, we consider this claim only to the extent it alleges his counsel's failure to raise *Alford* resulted in a plea that was not made knowingly, intelligently, and voluntarily.

Crary's remaining ineffective-assistance-of-counsel claim also implicates the voluntariness of his plea. Crary alleges his counsel was ineffective because counsel did not advise him that sexual abuse in the third degree involving a spouse is not a forcible felony. He asserts "he was led to believe[ ] that he would be ineligible to receive a suspended sentence if he took this matter to trial and was found guilty as charged. He alleges he was unaware that this charge was not a forcible felony."

Under section 907.3(3), a trial court, following a plea of guilty, "may suspend the sentence and place the defendant on probation upon such terms and conditions as it may require." However, section 907.3 by its terms does not apply to forcible felonies, and under section 702.11, the definition of "forcible felony" includes some categories of "sexual abuse." Thus, a trial court may *not* suspend a sentence for defendants convicted of specified categories of "sexual abuse."

Although Crary was charged with sexual abuse in the third degree, his charge did not fall under the "forcible felony" exception to a court's power to suspend a sentence because pursuant to section 702.11(2)(b), "Sexual abuse in the third degree committed between spouses" is not a forcible felony. K.C. was Crary's spouse at the time of the offense. Thus, although Crary's appellate brief fails to cite the appropriate Code provisions, he essentially argues his counsel failed to inform him of the application of section 702.11(2)(b). As with his *Alford* claim, the claim regarding Crary's understanding of whether his charge could result in a suspended sentence calls into question whether his plea was knowing, intelligent, and voluntary.

We determine both of these claims should be preserved for further development of the record in possible future postconviction proceedings. The claims pertain to the advice Crary's trial counsel provided prior to his plea, and the record on appeal contains no evidence of the conversations between Crary and his counsel. There is nothing in the record reflecting what trial counsel told Crary about either pleading pursuant to *Alford* or whether his charge was a forcible felony. *See State v. Carroll*, 767 N.W.2d 638, 644 (Iowa 2009) ("Only through a case-by-case analysis will a court be able to determine whether counsel in a particular case breached a duty in advance of a guilty plea, and whether any such breach rendered the defendant's plea unintelligent or involuntary."). Therefore, these claims are best preserved for possible future postconviction-relief proceedings in the event Crary elects to pursue the same. *Straw*, 709 N.W.2d at 138.

**Conclusion**

We conclude Crary provided a sufficient factual basis at the plea hearing to support his conviction for sexual abuse in the third degree. We therefore reject his ineffective-assistance-of-counsel claim premised on counsel's failure to object to a lack of factual basis. Crary's remaining claims are preserved for possible future postconviction proceedings where the record can be further developed and where counsel will have a chance to respond to Crary's allegations.

**AFFIRMED.**